UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:18 CV 203 CDP ) |
| WRIGHT CONSTRUCTION SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

I have reviewed all of the filings in this declaratory judgment/indemnity action and find that each side to this dispute has made inconsistent representations to the Court and, in at least one instance, seek incompatible relief. I will therefore order the parties to clarify their respective positions.

Defendants initially responded to Liberty Mutual Insurance Company's complaint with a motion to dismiss or to stay this case based on federal abstention, given that a related action was then pending in state court. In response to this motion, Liberty Mutual argued that abstention was inappropriate in that "the claims and the parties litigating the claims in the two actions are not substantially similar," that the relief sought is each action is "distinct," and that resolution of the two cases will require "different sources of law, different measure of damages, and different evidentiary proof." (ECF #25 at pp. 5-6.) However, after the state court

case was removed to federal court,[1] Liberty Mutual moved to consolidate the cases, averring that they "involve common parties" and "common issues of fact and law" (ECF #31 at p. 3), and that consolidation will "foster convenience and judicial economy . . . particularly with respect to discovery, since there is likely to be significant overlap with respect to the material documents and witnesses relevant to the claims being asserted in both cases." (*Id.*) This position appears inconsistent with its original position when arguing against abstention.

Defendants fare no better. After the state court case was removed to federal court, defendants sought to withdraw their motion to dismiss or to stay as moot. They asked that their withdrawal of the motion be without prejudice because they "will be filing a Motion to Remand the removed case" back to state court and, if that motion is granted, federal abstention would again be appropriate in this case. (ECF #32 at p. 1.) In a near-simultaneous filing, however, defendants separately requested consolidation of the two cases and consented to Liberty Mutual's motion to consolidate, agreeing that this action and the removed action both "involve common parties [and] common issues of fact and law" and acknowledging the likelihood of "significant overlap" with respect to documents and witnesses relevant to the claims. (ECF #33 at pp. 1-2.) Defendants' request to consolidate the two cases in this federal forum is incompatible with their stated request to

---

[1] *Wright Constr. Servs., Inc. v. Liberty Mut. Ins. Co.*, Case No. 4:18CV483 HEA.

remand one case to state court.

Given these inconsistent representations and incompatible requests,

**IT IS HEREBY ORDERED** that no later than **April 30, 2018**, the parties shall each file a memorandum clarifying their respective positions on the issues raised.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2018.