UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. 4:18 CV 203 CDP |
| ) | |
| WRIGHT CONSTRUCTION SERVICES, INC., et al., ) ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Liberty Mutual Insurance Company brings this action in diversity against defendants Wright Construction Services, Inc. and R.V. Wagner, Inc., their owners, and their owners' spouses, seeking indemnification under the parties' General Agreement of Indemnity and related costs from enforcing the Indemnity Agreement. Liberty also seeks a declaration of its right to apply the defendant-indemnitors' irrevocable letter of credit against its losses. The defendants have filed a motion to dismiss or, alternatively, to stay the proceedings based on the federal abstention doctrine because of an ongoing state-court proceeding presenting the same or substantially similar issues. Because I conclude that these state and federal court proceedings are parallel and that exceptional circumstances warrant abstention, I will stay the federal proceeding.

## Background

In 2012, Wright Construction selected Liberty Mutual as its surety to issue performance bonds and payment bonds for various construction contracts. In June 2012, Wright Construction, R.V. Wagner, and their owners and spouses[1] executed a General Agreement of Indemnity whereby the indemnitors agreed to, *inter alia*, indemnify Liberty Mutual its costs, fees, and expenses incurred in relation to requests to execute or procure execution of any bond. Defendants Daniel J. Wagner, as Trustee of the Daniel J. Wagner Revocable Trust; Nathan A. Bibb; and RHP Commercial, LLC (through its members), later agreed to also be bound by the Indemnity Agreement, and they executed amendments reflecting their agreements.

Liberty issued performance bonds and payment bonds on behalf of Wright Construction and R.V. Wagner for various construction projects, including the Hillsborough Lofts Project in North Carolina in November 2014. In October 2015, Hillsborough informed Liberty and Wright Construction that it was considering declaring a contractor's default. It later terminated Wright Construction and asserted a claim against Liberty under the performance bonds. Liberty denied Hillsborough's claim in August 2016. Wright Construction and Liberty later prevailed in arbitration proceedings brought by Hillsborough.

In the meanwhile, as the Hillsborough claim progressed, Liberty obtained

---

[1] The owners and spouses named as defendants in this action are Thomas F. and Shelli A. Wright, Daniel J. and Victoria K. Dreckman, and Daniel J. and Julie K. Wagner.

from the defendant-indemnitors a $1 million irrevocable letter of credit (ILOC) as collateral to secure their obligation to Liberty. By its terms, the ILOC could be drawn upon before January 27, 2018. On December 29, 2017, Liberty notified the defendant-indemnitors that it would draw on the ILOC.[2]

Liberty expended over $1.3 million in fees, costs, and expenses in relation to its execution of the Hillsborough bond and in enforcing the terms of the Indemnity Agreement. In this federal action against Wright Construction, R.V. Wagner, and the individual indemnitors, Liberty seeks to recover its outstanding fees, costs, and expenses incurred in executing the bonds for the Hillsborough project and in enforcing the indemnitors' obligations under the Indemnity Agreement. Liberty also seeks recoupment of additional payments that it may be required to make in the future because of having executed the bonds. Finally, Liberty asks that I declare that it is entitled to apply the proceeds of the $1 million ILOC against its losses, fees, costs, and expenses.

When Liberty filed this federal action, already pending in state court was an action brought by Wright Construction and R.V. Wagner claiming that Liberty breached the Indemnity Agreement and the Hillsborough performance bond by acting in bad faith and failing to follow its own internal policies and procedures in handling the Hillsborough claim. According to Wright and Wagner, Liberty was

_____

[2] The proceeds of the ILOC have been placed in a separate account of Liberty and have not been applied to any of Liberty's claimed losses.

not required to act on the Hillsborough claim because of Hillsborough's own breach of the construction contract and of the bond itself. Wright and Wagner claim that Liberty's failure to reject Hillsborough's claim at the outset and its continued investigation of the claim caused it to unnecessarily incur in excess of $1.2 million in fees and expenses – notably, the fees and expenses sought by Liberty in this federal action. Wright and Wagner also bring related tort-law claims against Liberty as well as against an additional party, St. Charles Insurance Agency, Inc.[3] Other than Wright Construction and R.V. Wagner, none of the indemnitors named as defendants in this federal case is a party to the state-court action.

## Discussion

Federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Under the doctrine of abstention, however, a district court may decline or postpone the exercise of its jurisdiction. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188 (1959); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008). But because abstention is an "extraordinary and narrow exception" to the district court's duty to adjudicate a

---

[3] Because of the presence of this non-diverse defendant, Liberty's removal of the action to federal court was unsuccessful, and the matter was remanded back to state court. *See Wright Constr. Servs., Inc. v. Liberty Mut. Ins. Co.,* Case No. 4:18CV483 HEA (E.D. Mo. July 17, 2018) (opinion, memorandum, and order).

case properly before it, *County of Allegheny*, 360 U.S. at 188, "[o]nly the clearest of justifications will warrant" it. *Colorado River*, 424 U.S. at 819. Accordingly, under *Colorado River*, I may abstain from exercising jurisdiction over this action only if a parallel state action exists and "exceptional circumstances" warrant abstention. *Colorado River*, 424 U.S. at 817-18; *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

The *Colorado River* "exceptional circumstances" test does not apply to actions brought under the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Under the Declaratory Judgment Act, a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Because this language "confers a discretion on the courts rather than an absolute right upon the litigant," the Supreme Court has determined that federal courts have more discretion to abstain in an action brought under the Act. *Wilton*, 515 U.S. at 287 (internal quotation marks and citation omitted). *See also Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494-95 (1942); *Royal Indem. Co.*, 511 F.3d at 792. Therefore, in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River. Royal Indem. Co.*, 511 F.3d at 793. Seeking monetary damages in addition to declaratory relief does not destroy this broad discretion so long as the "essence of the suit remains a declaratory judgment

action." *Id.* at 793-94.

A.    Parallel Proceedings

In deciding whether to abstain, I must first determine whether there are pending parallel state and federal proceedings. *Fru-Con Constr.*, 574 F.3d at 535. Parallel proceedings exist if there is a "substantial similarity" between the state and federal actions, which occurs when there are similar parties and "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* The mere pendency of a state claim "based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient." *Id.*

Here, there is a substantial likelihood that resolution of the state-court case will fully dispose of Liberty's claim raised here. Both cases turn on the question of who is responsible for the fees and expenses incurred by Liberty in executing the Hillsborough bond: either Liberty because of its breach of its duties under the Indemnity Agreement and performance bond (state-court claim); or Wright Construction, R.V. Wagner, and the other indemnitors because of their obligations under the Indemnity Agreement (federal-court claim). The parties agree that the central issue in both actions is the determination of whether there was a breach of the Indemnity Agreement and by whom.[4] Resolution of that question will dictate

_____

[4] Indeed, defendants have raised affirmative defenses in this federal action claiming, *inter alia*, that they have no duty to indemnify Liberty because of Liberty's own breach of the agreement.

the outcome of both proceedings.  *See, e.g., Holiday Inns, Inc. v. Thirteen-Fifty Inv. Co.*, 714 S.W.2d 597, 603 (Mo. Ct. App. 1986) (indemnitee's breach of duty discharges indemnitor's obligations under contract of indemnity).  Because a decision rendered in one proceeding on the issue will dictate the outcome of the other proceeding, the suits are parallel.  *Fru-Con Constr.*, 574 F.3d at 535.

Liberty argues that the claims raised in state court are not as "confined" as the claim raised here in which it seeks only indemnity and resolution of the amount owed.  But in determining whether the proceedings are parallel, my concern is not whether the claims are identical but whether the state proceeding will fully dispose of the claims presented in federal court.  As discussed above, there is a substantial likelihood that the state-court proceeding will fully dispose of Liberty's "confined" claim raised here.  The state court's consideration of claims *in addition to* that raised in the federal forum does not defeat the parallel nature of these actions.

Liberty also argues that the actions are not parallel because the individual indemnitors named as defendants here are not parties to the state-court action.  I disagree.  The central and dispositive question in this case involves parties that are present in both cases – namely Liberty, Wright Construction, and R.V. Wagner. The presence of the other individual indemnitors is not necessary to the resolution of the central issue.  Moreover, a stay of this action instead of dismissal will permit Liberty to return to this forum if the state court determines that Liberty did not breach its duties under the Indemnity Agreement.  *See Royal Indem. Co.*, 511 F.3d

at 797-98.[5]

Because the sole issue involved in this federal action is the central issue in the state-court suit, I conclude that the issues in both cases are substantially the same. Since the central issue and the necessary parties to this issue are substantially the same, the two cases are parallel and I may abstain from exercising jurisdiction over this federal action.

B.    Application of Abstention Doctrine

Pointing to Liberty's request that I declare its right to apply the proceeds of the $1 million ILOC against its losses, defendants urge me to apply the broader discretion under *Wilton* in determining whether I should abstain in this action. I disagree that Liberty's seeking declaratory judgment is the overarching issue in the case. Whether to declare that Liberty is entitled to the proceeds of the ILOC is entirely dependent upon the disposition of its claim that defendants must indemnify Liberty for its costs, fees, and expenses incurred for having executed on the Hillsborough bond and in enforcing the terms of the Indemnity Agreement. Therefore, the *Wilton* abstention doctrine does not apply. However, applying the "exceptional circumstances" test under *Colorado River*, I nevertheless conclude that abstention is warranted.

---

[5] Although the state-court case names a party not present in this case, presence of a party in the state-court litigation not named in the federal case is of little importance. *See Maritz v. Starek*, No. 4:05CV2093 JCH, 2006 WL 1026925, at *6 (E.D. Mo. Apr. 18, 2006). My primary concern is determining whether all of the claims in the federal case may be disposed of in the state-court litigation, not the other way around. *See Fru-Con Constr.*, 574 F.3d at 535.

In determining whether to abstain under *Colorado River*, I consider the

following factors:

> (1) whether there is a res over which one court has established
> jurisdiction, (2) the inconvenience of the federal forum, (3) whether
> maintaining separate actions may result in piecemeal litigation, unless
> the relevant law would require piecemeal litigation and the federal
> court issue is easily severed, (4) which case has priority—not
> necessarily which case was filed first but a greater emphasis on the
> relative progress made in the cases, (5) whether state or federal law
> controls, especially favoring the exercise of jurisdiction where federal
> law controls, and (6) the adequacy of the state forum to protect the
> federal plaintiff's rights.

*Fru-Con Constr.¸* 574 F.3d at 534.  I must carefully weigh these factors in the

particular circumstances of this case, "with the balance heavily weighted in favor

of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 16 (1983).

Because there is no res involved in this case, the first *Colorado River* factor

is not relevant to this discussion.  All parties agree that the second and fourth

factors are neutral in the circumstances of this case.  I likewise agree and will not

discuss these factors further.  I therefore turn to the remaining factors and accord

them appropriate weight in the particular circumstances of this case.

### *Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same

issue, thereby duplicating efforts and possibly reaching different results."  *LaDuke*

*v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) (internal quotation

marks and citations omitted), *quoted in Nabholz Constr. Corp. v. Beck*, 699 F. Supp. 2d 1101, 1107 (E.D. Mo. 2010).  Because the policies underlying the *Colorado River* abstention doctrine are "considerations of '[w]ise judicial administration,'" courts have given the greatest weight to considerations of avoiding piecemeal litigation.  *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 297-98 (8th Cir. 1985) (quoting *Colorado River*, 424 U.S. at 817).

Here, there is a risk that the two different courts could duplicate their efforts and reach different results.  *See LaDuke*, 879 F.2d at 1560.  As discussed above, the central issue in both the state and federal proceedings is whether the Indemnity Agreement was breached and, if so, by whom.  If the state and federal court proceedings were to continue simultaneously as they now stand, both courts will have to consider the same evidence and law to determine the question but could reach different results.  This risk of piecemeal litigation in the circumstances of this case weighs in favor of abstention.  *See id.* at 1560-61 (district court did not abuse its discretion by abstaining under *Colorado River* when there was a danger of piecemeal litigation because "identical issues" would be litigated simultaneously in state and federal courts); *see also Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 756-57 (7th Cir. 2006) (failure to stay proceedings when "the claims in the federal and state suits are predicated on the same facts and will be resolved largely by reference to the same evidence" would "waste judicial resources [and] create an

undue risk of conflicting final judgments on the merits[.]").

### *Whether State or Federal Law Controls*

The parties agree that state law controls this action, and Liberty contends that this factor is therefore neutral. Defendants argue that because all legal questions are governed by state law, this factor weighs in favor of abstention.

The presence of state-law issues weighs in favor of surrendering jurisdiction only in rare circumstances, *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26, and particularly where controlling issues in the case bear on state policy matters of substantial public import. *Colorado River*, 424 U.S. at 814-16. Because this case does not present any of those circumstances, this factor is neutral and weighs neither in favor of nor against abstention. *See Fru-Con Constr.*, 574 F.3d at 539 (the fact that state law would apply to an action for breach of contract does not weigh in favor of abstention); *Nabholz Constr. Corp.*, 699 F. Supp. 2d at 1108.

### *Adequacy of State Forum*

Under the final *Colorado River* factor, I must consider the adequacy of the state forum to protect Liberty's rights. In the Eighth Circuit, this factor will only weigh in favor of or against abstention "'when one of the forums is *inadequate* to protect a party's rights.'" *Government Emps. Ins. Co. v. Simon*, 917 F.2d 1144, 1149 (8th Cir. 1990) (quoting *Noonan S., Inc. v. County of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988)) (emphasis in *Noonan S.*). *See also Fru-Con Constr.*, 574 F.3d at 539. Because neither forum is inadequate to protect any party's rights, this

factor is neutral.

Accordingly, the only non-neutral *Colorado River* factor relevant in the particular circumstances of this case is the third factor, that is, the substantial interest in exercising wise judicial administration to avoid piecemeal litigation. Because this factor is generally accorded the greatest weight and it weighs in favor of abstention here, I conclude that exceptional circumstances exist to warrant abstention in this case. I will therefore abstain from exercising jurisdiction over this action in favor of the state-court proceeding. Instead of dismissing this federal proceeding, however, I will stay the case, thereby "assur[ing] that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. *See also Royal Indem. Co.*, 511 F.3d at 797 (vacating district court's dismissal order and remanding for entry of a stay).

Further, I will administratively close this case until such time as the state-court proceedings have concluded or action by this Court is otherwise required. Any motion seeking reopening of the case shall state:

(a)     the facts and procedural history, including any significant occurrences in the state-court proceedings; and

(b)     the issues remaining for determination by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss, or,

Alternatively, Stay, Based on Federal Abstention Doctrine [42] is **GRANTED** to the extent defendants request that this federal action be stayed pending resolution of the state-court proceedings. To the extent defendants request that this case be dismissed, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of *Wright Constr. Servs., Inc. v. Liberty Mut. Ins. Co.,* Case No. 1811-CC00126-01 (Cir. Ct. St. Charles Cty. 2018).

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively **CLOSE** this case, subject to reopening on a motion filed in compliance with this Order.

**IT IS FURTHER ORDERED** that the Order setting a Rule 16 Conference is **VACATED**.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 28th day of August, 2018.